GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY (134180)
MARC L. GODINO (182689)
KARA M. WOLKE (#241521)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
Email:       lglancy@glancylaw.com
             mgodino@glancylaw.com
             kwolke@glancylaw.com

Attorneys for Plaintiff Shane Lee
*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE LEE, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET CALIFORNIA, INC., a California Corporation, and DOES 1 THROUGH 100,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT
Case No.

Plaintiff Shane Lee ("Plaintiff"), on behalf of himself and all others similarly situated, and by and through his undersigned counsel, hereby brings this class action against Defendant Whole Foods Market California, Inc. ("Defendant"), a subsidiary of Whole Foods Market, Inc. (together "Whole Foods" or the "Company"), based upon personal knowledge as to his own acts, and as to all other matters upon information and belief based upon, *inter alia,* the investigation made by and through his attorneys.

## PRELIMINARY STATEMENT

1. Defendant Whole Foods is an American foods supermarket chain specializing in natural and organic foods with stores throughout the United States, including within the State of California. According to Whole Foods, there are at least 347 Whole Foods in 40 U.S. States and the District of Columbia with 73 locations in the state of California. Additionally, Whole Foods most recent annual report disclosed that it had approximately 78,400 team members, which is how Whole Foods refers to its store employees.

2. Defendant routinely obtains and uses information in consumer background reports to conduct background checks on prospective employees and existing employees. Furthermore, Defendant frequently relies on such information, in whole or in part, as a basis for hiring, promoting, reassigning, reduction of hours, or terminating its employees. This conduct violates the Fair Credit Reporting Act ("FCRA") .

3. While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and authorization requirements under the FCRA. For example, under 15 U.S.C. § 1681b(b)(2)(A), Defendant is required to first disclose to the applicant or employee its intent to use a consumer report in its hiring decision "in a document that consists solely of the disclosure"

prior to obtaining a copy of the consumer report. 15 U.S.C. § 1681b(b)(2)(A). Additionally, Defendant improperly included liability waivers in the authorization forms provided to employees or prospective employees, which again violates the provisions of the FCRA.

4. On behalf of himself and all others similarly situated, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief from Defendant for its violations of the FCRA.

## THE PARTIES

5. Plaintiff Shane Lee is an adult individual, who at all relevant times referenced herein, resided in Los Angeles County, California. Plaintiff is a former employee of Defendant.

6. Whole Foods Market California, Inc., is a subsidiary of Whole Foods Market, Inc., a corporation with its headquarters and principal place of business located at 550 Bowie Street, Austin, Texas 78703. Defendant is a California corporation.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendant because Defendant is incorporated with California, does sufficient business in California, has substantial, continuous and systematic contacts with California or otherwise intentionally avails itself of the markets within California through sales and marketing to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Furthermore, Plaintiff is a citizen of the State of California and therefore subject to personal jurisdiction in this court.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant's acts occurred in this Judicial District. Venue is also proper in this County because Plaintiff resides in Los Angeles County, and Defendant conducts business within this County.

**FACTUAL ALLEGATIONS**

10. Section 1681b(b)(2)(A) of the FCRA outlines the permissible purposes of employers accessing consumer reports. Under this section, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. 1681b(b)(2)(A)(i)-(ii) (emphasis added).

11. Section 1681b(b)(2)(A) therefore imposes upon employers the duty to provide a "clear and conspicuous" disclosure to prospective or current employees that a consumer report about them will be procured. Further, Section 1681b(b)(2)(A) prohibits employers from including or obtaining other information as part of the disclosure such as a release or waiver of rights or by using multiple, conflicting documents to obtain the authorization.

12. Defendant conducts background checks on all of its job applicants as part of its standard screening process. Defendant also conducts background checks on existing employees on a periodic basis during the course of their employment.

13. Throughout the "Class Period," which is the statutory period allowed under the FCRA, Plaintiff and all members of the putative Class executed an online

CLASS ACTION COMPLAINT
Case No.                                                                     3

authorization form in connection with their online applications for employment. These authorization forms purportedly allowed Defendant to procure consumer reports, including credit checks, criminal background checks, and other similar reports, on the employee applicant.

14. However, Defendant's online authorization forms are improper in that they contain language releasing those who obtained the consumer reports from liability for this act. This violates the FCRA's requirement that the authorizations be limited to contain only the required disclosures and the required authorization.

15. In or around September of 2011, Plaintiff Lee applied for work through Defendant's website by completing an online job application. In connection with his employment application, Plaintiff completed Defendant's standard employment application.

16. The employment application completed by Plaintiff Lee contained a background check disclosure and authorization form. It stated that Defendant intended to conduct a background investigation on the applicant (Plaintiff Lee) that would include an investigation of his work history, references, and educational background. Also contained within the background check disclosure and authorization form was a liability waiver provision.

17. Upon information and belief, after Plaintiff electronically initialed the background check disclosure and authorization form and electronically submitted his employment application, Defendant obtained Plaintiff's consumer reports. It was unlawful for Defendant to procure a consumer report on Plaintiff without making the proper disclosures required by the FCRA.

18. Upon information and belief, Defendant obtained Plaintiff's consumer reports along with the consumer reports of thousands of other members of the

putative Class throughout the Class Period despite not having authorization/disclosure forms that complied with the FCRA.

## CLASS ACTION ALLEGATIONS

19. Pursuant to Federal Rule of Civil Procedure Rule 23, Plaintiff brings this action on behalf of himself and the following Class, initially defined as follows:

> All employees or prospective employees of Defendant that executed online authorization forms permitting Defendant to obtain a consumer report during the Class Period.

20. **Numerosity**: Upon information and belief, the Class comprises at least thousands of individuals and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Whole Foods most recent annual report disclosed that it had approximately 78,400 team members. Therefore, Plaintiff reasonably believes that there are thousands of Class members.

21. **Common Questions of Law and Fact Predominate:** There are questions of law and fact common to the Class, which predominate over any individual issues, including, but not limited to:

(A) Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

(B) Whether Defendant requires prospective applicants and its employees to sign an authorization form allowing Defendant to obtain consumer reports pertaining to the prospective applicant and its employees;

(C) Whether it was proper under FCRA for Defendant to integrate an authorization form allowing Defendant to obtain consumer reports pertaining to the prospective applicant and its employees within a multi-page job application;

CLASS ACTION COMPLAINT
Case No.

5

Case 2:14-cv-03794-GW-CW   Document 1   Filed 05/16/14   Page 7 of 11   Page ID #:7

    (D)    Whether Defendant violated the FCRA through its common conduct of performing background checks without providing proper disclosures;

    (E)    Whether Plaintiff and the other Class members are entitled to recover punitive damages under section 1681n(a)(2) of the FCRA and, if so, the amount and calculation of such punitive damages; and

    (F)    The proper form of injunctive and declaratory relief.

22.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the putative Class.  Defendant has a common course of practice of using consumer reports to conduct background checks on employees and prospective employees. Defendant commonly requires job applicants to sign an authorization form that includes a liability release.

23.    **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

24.    **Superiority of the Class Action**:  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and

CLASS ACTION COMPLAINT  
Case No.    6

individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  In addition, Defendant has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

25. Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23.  The names and addresses of the putative Class members are available through discovery from Defendant's records.

## FIRST CLAIM FOR RELIEF

### Failure to Make Proper Disclosure in Violation of FCRA

### 15 U.S.C. § 1681(b)(2)(A)(i)

26. Plaintiff, on behalf of himself and all others similarly situated, incorporates by reference each of the preceding paragraphs as though they were set forth in full herein.

29. Plaintiff and other members of the Class were required to complete an authorization form, allowing Defendant to obtain consumer reports in connection with Defendant's online job application.  This authorization form contained or was accompanied by a waiver of liability provision.

30. Under the FCRA, an employer must provide a clear and conspicuous disclosure in writing to an applicant a stand-alone document and obtain the applicant's authorization in writing to obtain the reports on the applicant.

CLASS ACTION COMPLAINT
Case No.                                                                                                              7

31. When Defendant included its waiver provision in its authorization form, it violated the FCRA's requirement that a "clear and conspicuous" disclosure appear "in a document that consists solely of the disclosure." 15 U.S.C. § 1681(b)(2)(A)(i).

32. Defendant willfully violated the FCRA by procuring consumer reports relating to Plaintiff and the putative Class members without first making the proper disclosures in the format required by 15 U.S.C. § 1681(b)(2)(A)(i).

33. The foregoing violations were willful. Defendant knew that the authorization form must be a stand-alone form, separate and apart from the employment application, which contained only the necessary information. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Whole Foods is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful; and

    b. Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance and case law interpreting the FCRA and the plain language of the statute.

34. Plaintiff and the putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

35. Plaintiff and the putative Class are entitled to recover punitive damages, as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2).

36. Plaintiff and the putative Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CLAIM FOR RELIEF

## Failure to Obtain Proper Authorization in Violation of FCRA

## 15 U.S.C. § 1681(b)(2)(A)(ii)

37. Plaintiff, on behalf of himself and on behalf of all others similarly situated, incorporates by reference each of the preceding paragraphs as though they were set forth in full herein.

38. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and the putative Class members without proper authorization.

39. The foregoing violations were willful. Defendant's willful conduct is reflected by, among other things, the facts set forth in the First Claim above.

40. Plaintiff and the putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

41. Plaintiff and the putative Class are entitled to recover punitive damages, as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2).

42. Plaintiff and the putative Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and other members of the Class, prays for relief as follows:

A. Determination that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Class;

C. Declaring that Defendant violated the FCRA;

CLASS ACTION COMPLAINT
Case No.                                                                                        9

1       D.    Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

      E.    Issuing proper notice to the Class at Defendant's expense;

      F.    Awarding statutory damages to Plaintiff and the Class members as provided by the FCRA;

      G.    Awarding punitive damages to Plaintiff and the Class members as provided by the FCRA;

      H.    Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

      I.    Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 16, 2014          GLANCY BINKOW & GOLDBERG LLP

                                          By:   *s/ Lionel Z. Glancy*
                                          Lionel Z. Glancy
                                          Marc L. Godino
                                          Kara M. Wolke
                                          1925 Century Park East, Suite 2100
                                          Los Angeles, California 90067
                                          Telephone: (310) 201-9150
                                          Facsimile: (310) 201-9160
                                          Email: info@glancylaw.com

                                          TOSTRUD LAW GROUP, P.C.
                                          Jon A. Tostrud, Esq.
                                          1925 Century Park East, Suite 2125
                                          Los Angeles, CA 90067
                                          Telephone: (310) 278-2600
                                          Facsimile: (310) 278-2640

                                          *Attorneys for Plaintiff Shane Lee*